UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM WILLIAMS BAYER,** <br> Plaintiff, <br><br> vs. <br><br> **UNUM LIFE INSURANCE COMPANY OF AMERICA; AND SEALY OPERATING III, INC.,** <br> Defendants. | CASE NO. _____ <br><br> SECTION _____ <br><br><br><br> JUDGE _____ <br><br> MAGISTRATE _____ |

# VERIFIED ERISA COMPLAINT

Plaintiff **KIM WILLIAMS BAYER** ("**Ms. Bayer**" or "**Plaintiff**") bring this action against Defendants **UNUM LIFE INSURANCE COMPANY OF AMERICA** ("**Unum**") and **SEALY OPERATING III, INC.** ("**Sealy**") (collectively, "**Defendants**") seeking redress for Unum's unsupportable and bad faith denial of her claims for short-term and long-term disability benefits and for civil penalties.

## NATURE OF ACTION

1. Defendant Unum Life Insurance Company of America has a long history of denying claims through unfair and bad faith practices. Plaintiff Kim Bayer has unfortunately become an unwitting part of this history.

2. Ms. Bayer brings this action against Unum seeking redress for Unum's arbitrary, capricious, and wrongful denial of her claims for short and long-term disability benefits.

3. Ms. Bayer seeks disability income benefit payments pursuant to a policy of insurance underwritten by Unum to provide short-term and long-term disability insurance benefits, policy

number 468999 (the "**Unum Plan**"). This action, seeking recovery of benefits, is brought pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)).

4. Ms. Bayer also brings this action against Unum and Sealy for their failure to provide her with the documents and information she requested and to which she is and was entitled by law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction based upon the Employee Retirement Income Security Act of 1974 (ERISA), and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Those provisions give United States district courts the jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of group long-term and short-term disability insurance plans most recently underwritten and *de facto* administered by Unum for the benefit of employees of Defendant Sealy Operating III, Inc. ("**Sealy**").

6. In addition, this action may be brought before this Court pursuant to 28 U.S.C. § 1331, which gives district courts the jurisdiction over actions that arise under the laws of the United States.

7. The ERISA statute, at 29 U.S.C. § 1133, provides a mechanism of administrative or internal appeal of benefit denials. Ms. Bayer exhausted those avenues of appeal prior to the filing of this Complaint.

8. Venue is proper in the Eastern District of Louisiana because Ms. Bayer resides in this District and resided in this District when Unum wrongfully denied her claim for long-term and short-term physical disability benefits, and Unum and Sealy failed to provide her with the documents she requested. 29 U.S.C. § 1132(e)(2); 28 U.S.C. § 1391.

## THE PARTIES

9. Ms. Bayer is and was at all times relevant a resident of Metairie, Louisiana.

10. At all times relevant, Sealy was a Louisiana domestic corporation with its principal place of business in Shreveport, Louisiana who did business throughout the United States and within the Eastern District of Louisiana. Sealy was technically the benefits administrator for the Unum Plan and Prudential Plan.

11. At all times relevant, Unum was a foreign insurance company with its principal place of business in Chattanooga, Tennessee who did business throughout the United States and within the Eastern District of Louisiana. Unum was both the underwriter and the *de facto* benefits administrator for the Unum Plan.

12. At all times relevant hereto, the Unum Plan constituted an "*employee welfare benefit plan*" as defined by 29 U.S.C. § 1002(1). Incident to her employment, Ms. Bayer received coverage under the Unum Plan as a "*participant*" as defined by 29 U.S.C. § 1002(7). This claim relates to benefits under the foregoing Unum Plan.

## STATEMENT OF FACTS

13. Ms. Bayer was employed full-time by Sealy as a senior property manager from September 15, 2014 until September 21, 2015, when she ceased to work as the result of severe pain and chronic fatigue caused by multiple sclerosis ("**MS**"). Since then and due to her physical impairments, Ms. Bayer has been unable to work on a regular basis.

14. Ms. Bayer participated in Sealy's short-term and long-term disability insurance coverage plan through Prudential Insurance Company of America ("**Prudential**"), which became active as of December 1, 2014 (the "**Prudential Plan**").

15. On or about April 1, 2015, Sealy changed its short-term and long-term disability insurance provider to Unum.

16. Once Ms. Bayer ceased working due to her physical disability, she made a claim to Unum for short-term disability insurance coverage.

17. Unum denied that claim on or about October 21, 2015.[1]

18. Ms. Bayer twice submitted appeals citing evidence of physical disability that plainly demonstrated she was physically disabled under the terms of the Unum Plan. Unum denied those appeals on November 13, 2015 and November 20, 2015 with a determination that Ms. Bayer did not meet the definition of "*disabled*" under the Unum Plan.[2]

19. Once eligible, Ms. Bayer filed for long-term disability insurance coverage through Unum. On or about June 9, 2016, Unum again denied Ms. Bayer's claim. Unum made the determination that Ms. Bayer's MS was a "*pre-existing condition*" under the terms of both the Unum Plan and Prudential Plan.[3]

20. On or about November 17, 2016, Ms. Bayer appealed this denial citing evidence from her treating physicians that plainly demonstrated that the treatment events cited as support for Unum's denial were *unrelated* to MS.[4] However, despite the overwhelming and convincing evidence supporting Ms. Bayer's appeal, Unum maintained its refusal to pay out benefits for Ms. Bayer's physical disability in a denial letter dated January 6, 2017.[5] Ms. Bayer has now exhausted all avenues of administrative appeal.

---

[1] Attached hereto as *Exhibit A*.
[2] Attached hereto as *Exhibits B* and *C*.
[3] Attached hereto as *Exhibit D*.
[4] Attached hereto as *Exhibit E*.
[5] Attached hereto as *Exhibit F*.

21. Since the onset of her disability, Ms. Bayer has continuously met the definition of "*disabled*" as defined in the Unum Plan:

> *1. You are unable to perform the material and substantial duties of your regular occupation and are not working in your regular occupation or any other occupation,*
>
> *or,*
>
> *2. You are unable to perform one or more of the material and substantial duties of your regular occupation and you have a 20% or more loss in your indexed monthly earnings while working in your regular occupation or in any occupation.*

22. Additionally, Ms. Bayer has continuously met the definition of "*disabled*" as defined in the Prudential Plan:

- *You are unable to perform the Material and substantial duties of your regular occupation due to your sickness or injury,*
- *You are under the regular care of a doctor, and*
- *You have a 20% or more loss in weekly earnings due to the same sickness or injury.*

23. On October 27, 2015 Ms. Bayer's treating physician, Dr. Bridget Bagert, wrote a letter to Unum to support Ms. Bayer's appeal of Unum's short-term disability benefit denial.[6] Dr. Bagert's letter stated that Ms. Bayer experienced right-sided weakness with gait disturbance and corrected Unum's misstatement that 6 seconds is an average timed walk when in reality under 4 seconds is average – and Ms. Bayer demonstrated a 4.8 second timed walk. Dr. Bagert further stated that Ms. Bayer was taken off of work because the symptoms of MS were affecting Ms. Bayer's ability to work, and that the work was affecting Ms. Bayer's symptoms of MS.

---

[6] Attached hereto as *Exhibit G*.

24. Unum's Plan contains a "*continuing coverage*" clause which states that Unum will pay long-term disability benefits for what would be considered a pre-existing condition under the Unum policy so long as the employee does not have a pre-existing condition utilizing the definition provided by the employer's prior insurance carrier – in this case, Prudential.

25. Under the Prudential Plan, a "*pre-existing condition*" is defined as follows:

- *You received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 3 months just prior to your effective date of coverage; and*

- *The disability begins in the first 12 months after your effective date of coverage.*

26. The effective date of the Prudential Plan was December 1, 2015.

27. Unum based its denial of Ms. Bayer's benefits on its contention that Ms. Bayer had a pre-existing condition under both the Unum Plan *and* the Prudential Plan.

28. The only 'evidence' used to support Unum's initial denial of long-term disability payments on June 9, 2016 was a conclusory statement that Ms. Bayer's treatment for pars planitis on November 20, 2014 was "*directly related*" to her diagnosis of MS, which would make her MS an excluded pre-existing condition.

29. On November 17, 2016, Ms. Bayer appealed this decision submitting an affidavit from Dr. Bagert and medical records showing that Ms. Bayer had no signs of multiple sclerosis in 2012, when she was diagnosed with pars planitis.[7]

30. Dr. Bagert's affidavit swore to her medical opinion which was that while pars planitis *may* be a symptom of MS, not all patients with MS have pars planitis and not all patients with pars planitis have MS. Dr. Bagert further affirmed that the MRI taken after Ms. Bayer was

---

[7] *See Exhibit E.*

diagnosed with pars planitis showed no evidence of MS, and that it was her opinion that Ms. Bayer did not have MS at the time she was diagnosed with pars planitis.

31. Despite this evidence, on January 6, 2017, Unum again denied Ms. Bayer's claim for long-term disability benefits.[8] In support of their determination that Ms. Bayer's MS was an excluded pre-existing condition, Unum once again relied on treatment for pars planitis to support their denial, but *this time – for the first time* – Unum also cited a visit with a Dr. Le on October 14, 2014 and the filling of two prescriptions for Neurontin (gabapentin) to support their denial. Unum alleges that the visit with Dr. Le on October 14, 2015 concerned Ms. Bayer's complaints of peripheral neuropathy and for which Unum alleges he prescribed the Neurontin. Unum claimed this visit and these prescriptions constituted "*treatment*" for MS.

32. Ms. Bayer's treating physician, Dr. Bagert, refers to pars planitis in her notes of April 15, 2015 as "*treated successfully*" with steroids injections and eye drops.

33. Moreover, while Unum alleges Ms. Bayer was treated for neuropathy by Dr. Le, the visit in October 2014 was instead related to tingling and numbness associated with a rash on her feet occasionally referred to in her medical records as "*vesicular eczema*," "*chronic eczematous dermatitis*," "*rash ….of undetermined significance*", and/or "*crow foot*", but *never* MS. The multiple doctors which have treated Ms. Bayer for this rash since at least 2005 have *never* agreed on a diagnosis for it and *never* has any doctor related the rash to MS – only Unum (apparently) has.

34. Ms. Bayer has never had the opportunity to respond to these claims by Unum because they were raised for the first time in response to her final appeal in January 2017.

---

[8] *See Exhibit F.*

35. The records in Unum's possession at the time of their decision in January 2017 clearly show use of Neurontin (gabapentin) going back to at least 2012. The records from Dr. Le show that Neurontin (gabapentin) was listed as a "*current medication*" and the only change on that date was the removal of Trental, an anti-inflammatory drug, from Ms. Bayer's regimen.

36. In sum, despite clear evidence to the contrary, Unum refused to accept Ms. Bayer's short-term disability benefit claim, instead alleging that she is not actually "*disabled*". Similarly, Unum denied Ms. Bayer's claims for long-term disability benefits because, they claim, her MS is an excluded pre-existing condition.

## CAUSE OF ACTION FOR DENIED BENEFITS UNDER ERISA
### (Against Unum)

37. The determination by Unum that Ms. Bayer suffers from a pre-existing condition is contrary to the Unum Plan and Prudential Plan, contrary to the evidence, and has no rational support in the law or facts. Unum's determination is contrary to the reports of the treating and examining physicians and other medical service providers. Unum's actions were arbitrary and capricious, made in bad faith, fraudulent, and legally and factually unjustifiable.

38. Unum has and had an inherent and irreconcilable structural conflict because, as *de facto* claims administrator, Unum has a fiduciary obligation to plan participants like Ms. Bayer, but also Unum suffers a direct financial loss whenever it pays claims.

39. Upon information and belief, Ms. Bayer is entitled to a *de novo* review of the denial of her short-term and long-term disability claims.

40. As a result of Unum's actions, and because the medical evidence shows Ms. Bayer does not fall within the coverage exclusion for a "*pre-existing condition*" under the Unum Plan or Prudential Plan, under ERISA § 502(a) (29 U.S.C. § 1132(a)), she is entitled to an award of monthly

short-term disability insurance payments from October 2015 and long-term disability insurance payments from June 2016, the dates she first claimed them, and these benefits must be continued until Ms. Bayer recovers from her disability, her death, or until she reaches the age of 66 years and 10 months, whichever comes first.

### CAUSE OF ACTION FOR CIVIL PENALTIES UNDER ERISA
*(Against Unum and Sealy)*

41. Sealy established an employee welfare benefit plan for its employees, including Ms. Bayer. At all times relevant, Sealy served technically as benefits administrator for that plan, including while it was both the Prudential Plan and the Unum Plan.

42. During its incarnation as the Unum Plan, Unum served as the underwriter and *de facto* administrator of the Unum Plan at the behest of Sealy.

43. On two occasions, November 30, 2015 and June 27, 2016, Ms. Bayer requested, in writing, a complete copy of all plan documents relevant to her claims for short-term and long-term disability respectively, which included those identified in ERISA § 104(b)(4) (the "*instruments under which the plan is established or operated*.")

44. Ms. Bayer never received a complete copy of these documents as is required by law.

45. As a result, Ms. Bayer is entitled to and demands statutory civil penalties under ERISA § 502(c) (29 U.S.C. § 1132(c)(1)).

### DAMAGES

46. Ms. Bayer has suffered damages as a result of Unum's unsupported, bad faith, arbitrary, and capricious denial of her claims for short-term and long-term disability benefits. Under ERISA § 502(a)., Ms. Bayer is entitled to and makes demand for an award of monthly disability insurance payments, and such benefits must be continued until she recovers from her disability, she

dies, or she reaches age 66 and 10 months, whichever comes first.

47. Ms. Bayer has also suffered damages as a result of Unum and Sealy's refusal to provide her a complete copy of the plan and related documents upon her request.

48. Ms. Bayer also makes demand for an award for prejudgment interest on all benefits, her attorney's fees, costs, and all other relief to which she may be entitled under the law or in equity.

49. Ms. Bayer also makes demand for statutory civil penalties under ERISA § 502(c).

## PRAYER

WHEREFORE, Plaintiff Kim Williams Bayer prays for the following relief:

A. That the Court enter judgment in her favor and against the Defendants, and order the Defendant(s) to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she has been and remains entitled under 29 U.S.C. § 1132(a);

B. That the Court order the Defendant(s) to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment;

C. That the Court order Defendant(s) to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits;

D. That the Court award Plaintiff the statutory civil penalties to which she may be entitled under 29 U.S.C. § 1132(c);

E. That the Court award Plaintiff her attorney's fees pursuant to 29 U.S.C. § 1132(g); and

F. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

**[Signature and Certificate of Service to Follow]**

Respectfully submitted,

**AARON & GIANNA, PLC**

_/s/ Dominic Gianna_
Dominic J. Gianna, La. Bar No. 6063
Lee M. Rudin, La. Bar No. 34746
Courtney H. Payton, La. Bar No. 30663
201 St. Charles Avenue, Suite 3800
New Orleans, Louisiana 70170
Tel: (504) 569-1800; Fax: (504) 569-1801
Email: dgianna@aarongianna.com
           cpayton@aarongianna.com
           lrudin@aarongianna.com

***Attorneys for Plaintiff, Kim Williams Bayer***

### CERTIFICATE OF SERVICE

I hereby certify that I served the above and foregoing complaint on the Defendants via private process server through their registered agents for service of process with the Louisiana Secretary of State:

| *Unum Life Insurance Company of America* | *Sealy Operating III, Inc.* |
|---|---|
| via Corporation Service Company | via Scott P. Sealy or Mark P. Sealy |
| 501 Louisiana Avenue | 333 Texas Street, Suite 1050 |
| Baton Rouge, LA 70802 | Shreveport, LA 71101 |

_/s/ Dominic Gianna_
DOMINIC J. GIANNA

## **VERIFICATION**

I, Kim Williams Bayer, hereby state that:

(i) I have read the foregoing *Verified ERISA Complaint*;

(ii) that I am authorized to make this *Verification* on my own behalf;

(iii) that the factual allegations contained in Paragraphs 1-36 are true and correct based on (a) my personal knowledge, or (b) information available to me which I believe to be true to the best of my knowledge, information, and belief; and

(iv) this statement is made subject to the penalties of *28 U.S.C. § 1746* relating to unsworn declarations under penalty of perjury.

Executed on October 18, 2018 in New Orleans, Louisiana:

_____
KIM WILLIAMS BAYER