# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIM WILLIAMS BAYER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9702** |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA, ET AL.** | **SECTION "L" (4)** |

## ORDER & REASONS

Before the Court is Defendant Unum Life Insurance Company of America's Motion to Strike. R. Doc. 56. The motion is opposed. R. Doc. 59. The Court now rules as follows.

## I.     BACKGROUND

Plaintiff Kim Bayer worked as a senior property manager for Defendant Sealy Operating III, Inc. ("Sealy") from September 2014 until September 2015, when she allegedly "ceased to work as the result of severe pain and chronic fatigue caused by multiple sclerosis." R. Doc. 1 at 3. Plaintiff contends she participated in Sealy's short-term and long-term disability insurance coverage plan through Prudential Insurance Company of America, which became active as of December 1, 2014 ("Prudential Plan"). R. Doc. 1 at 3. On or about April 1, 2015, Sealy changed its short-term and long-term disability insurance provider to Defendant Unum Life Insurance Company of America ("Unum"). R. Doc. 1 at 4. After she stopped working, Plaintiff made claims to Unum for short-term and long-term disability benefits. R. Doc. 1 at 4.

Unum denied Plaintiff's short-term disability claim on or about October 21, 2015. R. Doc. 1 at 4. Plaintiff submitted two appeals, citing what she deems "evidence of physical disability that plainly demonstrated she was physically disabled under the terms of the Unum Plan." R. Doc. 1 at

1

4. Unum denied both appeals, once on November 13, 2015 and again on November 20, 2015, determining that Plaintiff did not meet the Unum Plan's definition of "disabled." R. Doc. 1 at 4.

On or about June 9, 2016, Unum denied Plaintiff's claim for long-term disability benefits because Unum made the determination that Plaintiff's MS was an excluded "pre-existing condition" under the terms of both the Unum Plan and Prudential Plan. R. Doc. 1 at 4. The Unum Plain contains a "continuing coverage" clause, which states that Unum will pay long-term disability benefits for what would be considered a pre-existing condition under the Unum Plan if it would not be considered a pre-existing condition under the employer's prior insurance carrier's definition (here, Prudential). R. Doc. 1 at 6. Under the Prudential Plan, a person has a pre-existing condition if:

- *[He or she] received medical treatment, consultation, care or services including diagnostic measures, or took prescribed drugs or medicines in the 3 months just prior to [his or her] effective date of coverage; and*

- *The disability begins in the first 12 months after [his or her] effective date of coverage.*

R. Doc. 1 at 6.

The effective date of coverage of the Prudential Plan was December 1, 2014. R. Doc. 1 at 6. In its initial denial, Unum determined that Plaintiff's MS was a pre-existing condition because she was treated for pars planitis on November 20, 2014, which Unum contended was "directly related" to Plaintiff's MS diagnosis. R. Doc. 1 at 6. Plaintiff appealed this denial on November 17, 2016, and submitted an affidavit from her doctor stating that Plaintiff had no signs of MS when she was diagnosed with pars planitis. R. Doc. 1 at 6.

On January 6, 2017, Unum denied Plaintiff's appeal. R. Doc. 1 at 7. In denying Plaintiff's appeal, Unum again relied on Plaintiff's treatment for pars planitis, but Plaintiff contends that Unum also claimed—for the first time—that Plaintiff's October 24, 2014 visit to a doctor's office

for "peripheral neuropathy" and the filling of two prescriptions supported a denial of Plaintiff's claim. R. Doc. 1 at 7. Unum allegedly claimed that this doctor's visit and the prescriptions constituted "treatment" for MS. R. Doc. 1 at 7. However, Plaintiff contends that this doctor's visit was "related to tingling and numbness associated with a rash on her feet," and was unrelated to MS. R. Doc. 1 at 7.

Plaintiff thus alleges that Unum wrongfully denied her claims for short-term and long-term disability benefits, R. Doc. 1 at 8, and that Unum and Sealy failed to provide Plaintiff with a complete copy of all plan documents relevant to her claims as required by law. R. Doc. 1 at 9. Plaintiff seeks an award of disability income benefits, prejudgment interest, statutory civil penalties, and attorneys' fees. R. Doc. 1 at 10.

In response, Unum and Sealy deny Plaintiff's claims, *see* R. Docs. 8, 9, and Unum asserts that it complied with and performed all of its obligations under the disability policy and its denial of benefits to Plaintiff was not an abuse of discretion, R. Doc. 9 at 2. Unum also denies that it was responsible for providing Plaintiff with plan documents, as that is the duty of the plan administrator (not Unum). R. Doc. 9 at 3.

On April 17, 2019, the parties moved for this Court to allow the parties to submit the case on Motions for Final Judgment Based on the Administrative Record. R. Doc. 21. On April 22, the Court granted the Motion. R. Doc. 24. The parties subsequently filed their Motions for Final Judgment Based on the Administrative Record. R. Docs. 42, 43, 45, 47.

## II. PRESENT MOTION

Unum now files a Motion to Strike all evidence that is deemed to be outside of the administrative record, including the Affidavit of Bridget A. Bagert, M.D. attached as Exhibit "A" to Plaintiff's Motion for Summary Judgment. R. Doc. 56. Unum argues that the affidavit in question was executed nearly one year after the lawsuit was filed and was not submitted in

connection with the administrative claim, so it is therefore not a part of the administrative record. R. Doc. 56 at 2. Because the Court is reviewing *de novo* Unum's administrative claims decisions, Unum contends that the Court is limited to only considering what is in the administrative record. R. Doc. 56 at 2.

## III. LAW AND ANALYSIS

"ERISA provides federal courts with jurisdiction to review benefit determinations by fiduciaries or plan administrators." *Estate of Bratton v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 215 F.3d 516, 520–21 (5th Cir. 2000) (citing 29 U.S.C. § 1132(a)(1)(B). Because both parties agree that Unum did not have discretionary authority under the plans, *see* R. Docs. 43-2 at 3, 56-1 at 3, the Court must review Unum's determinations *de novo*. *See Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 636 (5th Cir. 1992). "The plan administrator has the obligation to identify the evidence in the administrative record and the claimant must be afforded a reasonable opportunity to contest whether that record is complete." *Estate of Bratton*, 215 F.3d at 521 (internal citations omitted). "Once the administrative record has been determined, the district court may not stray from it but for certain limited exceptions, such as the admission of evidence . . . including expert opinion, that assists the district court in understanding the medical terminology or practice related to a claim." *Id.* (internal citation omitted).

In this case, Unum argues that Dr. Bagert's affidavit was not made available to Unum during the claims review process and so it is not a part of the administrative record, R. Doc. 56-1 at 5, and that Unum appropriately designated the administrative record, which Plaintiff did not contest at the time, R. Doc. 56-1 at 2. Unum contends the affidavit should not be admitted because the Fifth Circuit has made it clear that evidence that is not a part of the administrative record cannot be admitted if it "is offered to allow the district court to resolve a disputed issue of material fact regarding the claim—i.e., a fact the administrator relied on to resolve the merits of the claim." R.

4

Doc. 56-1 at 5 (citing *Vega v. National Life Insurance*, 188 F.3d 287 (5th Cir. 1999) (en banc), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 (2008). Unum alleges that the affidavit does not focus on the medical definition of MS but instead focuses on Dr. Bagert's disagreement with Unum's final decision, which goes to the merits of the claim. R. Doc. 56-1 at 5. Moreover, Unum asserts that the affidavit was drafted with a focus on litigation and Plaintiff is attempting to admit the affidavit to establish her physician's disagreement with Unum's denial of her claim. R. Doc. 56-1 at 6.

In opposition, Plaintiff argues that Dr. Bagert's affidavit should not be stricken because Plaintiff did not have a chance to address Unum's peripheral neuropathy argument during the administrative stage. R. Doc. 59 at 1. Plaintiff contends that because Unum only asserted this argument in its appeal decision as a new reason to deny Plaintiff's claim, Plaintiff had no opportunity to rebut it. R. Doc. 59 at 1. Plaintiff thus seeks to have Dr. Bagert's affidavit introduced to respond to Unum's new argument. R. Doc. 59 at 1. Additionally, Plaintiff asserts that the affidavit explains and clarifies medical terminology, explains why Unum's conclusions are "medically absurd," and explains why Unum's understanding of Plaintiff's peripheral neuropathy is faulty and "contrary to basic medical science." R. Doc. 59 at 1–2. Plaintiff also argues that the affidavit allows Dr. Bagert to clarify and explain her records, which Plaintiff alleges Unum "misquoted, mis-cited, and misinterpreted." R. Doc. 59 at 2. Finally, Plaintiff asserts that she should be allowed to include the affidavit because Unum did not obtain an opinion from any physician and did not have an independent medical evaluation to rely on when it denied Plaintiff's claim. R. Doc. 59 at 4. Accordingly, Plaintiff believes that the affidavit corrects Unum's misunderstanding of the key medical terminology and procedures relating to MS. R. Doc. 59 at 5.

The Court notes that while it was Unum's obligation to identify the evidence in the administrative record, Plaintiff does not contend she did not have a "reasonable opportunity to

contest whether that record is complete." *See Estate of Bratton*, 215 F.3d at 521. Once the administrative record is determined, the Court "may not stray from it but for certain limited exceptions." *Id.* Although Plaintiff argues that such an exception exists in this case, the Court is not convinced that Dr. Bagert's affidavit is solely introduced to "assist[] the [Court] in understanding the medical terminology or practice related to a claim." *Id.* Therefore, the Court concludes that it is appropriate to strike from the record the sections of the affidavit that do not relate to explaining and clarifying medical terminology in this case.

### IV.    CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Unum's Motion to Strike is **GRANTED IN PART**. Exhibit A of Plaintiff's Motion for Summary Judgment, R. Doc. 43-3, shall be stricken from the record save for the following paragraphs, which explain and clarify medical terminology: 1, 2, 3, 5, 11, 15, and 26.

New Orleans, Louisiana, this 10th day of February, 2020.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE